People v Jacobs (2026 NY Slip Op 00591)

People v Jacobs

2026 NY Slip Op 00591

Decided on February 05, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 05, 2026

Before: Moulton, J.P., Friedman, Higgitt, Rosado, O'Neill Levy, JJ. 

Ind No. 74952/22|Appeal No. 5740|Case No. 2023-03139|

[*1]The People of the State of New York, Respondent,
vJermaine Jacobs, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Benjamin G. Wiener of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Noah J. Sexton of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Guy H. Mitchell, J. on motion to dismiss; Albert Lorenzo, J. at plea and sentencing), rendered June 14, 2023, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree, and sentencing him to five years of probation, unanimously affirmed.
Defendant's appeal waiver, if valid, would not foreclose from review his Second Amendment claim (see People v Johnson, — NY3d —, 2025 NY Slip Op 06528, *2 [2025]). Additionally, defendant has standing to raise his challenge to the constitutionality of New York's firearm licensing scheme, notwithstanding that he never applied to obtain a firearm license (see Johnson, 2025 NY Slip Op 06528, *3). On the merits, defendant has failed to establish that the instant indictment is unconstitutional under New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]).
To the extent that defendant challenges the "good moral character" provision in Penal Law § 400.00(1)(b), his arguments are unpreserved because he failed to raise them in his motion to dismiss the indictment (see People v Cabrera, 41 NY3d 35, 42-51 [2023]), and we decline to review them in the interest of justice.
Defendant's contention that his counsel rendered ineffective assistance in challenging New York's then-former proper-cause requirement, rather than raising his challenge to the "good moral character" provision, is improperly raised for the first time in his reply brief (see People v Douglas, 193 AD3d 622, 622 [1st Dept 2021], affd 40 NY3d 385 [2023]), and in any event, this claim "is unreviewable on direct appeal, as it involves matters not reflected in the record, and must be raised in a CPL 440.10 motion" (People v Gray, 230 AD3d 1039, 1039 [1st Dept 2024], lv denied 42 NY3d 1035 [2024]). As an alternative holding, to the extent that the record allows review, we find that counsel did not render ineffective assistance (see People v Caban, 5 NY3d 143, 152 [2005]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 5, 2026