People v Garcia

2026 NY Slip Op 02076

April 7, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Rene Garcia, Appellant.

Decided and Entered: April 07, 2026

Ind. No. 71139/23|Appeal No. 6271|Case No. 2024-04249|

Before: Webber, J.P., Kennedy, Kapnick, González, O'Neill Levy, JJ.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Frances Weil of counsel), for appellant.

Darcel D. Clark, District Attorney, Bronx (Michelle Pomerantz of counsel), for respondent.

[*1]

Judgment, Supreme Court, Bronx County (Steven J. Hornstein, J.), rendered June 3, 2024, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the fourth degree, and sentencing him to a jail term of eight months, to run concurrently with his sentence under Indictment No. 72417/24, unanimously affirmed.

Defendant's waiver of his right to appeal does not preclude review of his Second Amendment claim (see People v Johnson, — NY3d —, 2025 NY Slip Op 06528, *2 [2025]). Defendant also has standing to raise his challenge to the constitutionality of New York's firearm licensing scheme, notwithstanding that he never applied for a firearm license (Johnson, 2025 NY Slip Op 06528, *3; see also People v Jacobs, — AD3d —, 2026 NY Slip Op 00591 [1st Dept 2026]). However, defendant's challenge to the "good moral character" provision in Penal Law § 400.00(1)(b) is unpreserved because he failed to raise it below (see People v Cabrera, 41 NY3d 35, 42-51 [2023]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits (see�People v Mazyck, 246 AD3d 520 [1st Dept 2026]; People v Guzman, 237 AD3d 570, 571 [1st Dept 2025], lv denied 44 NY3d 993 [2025]).

Defendant's contention that his counsel rendered ineffective assistance in failing to raise a challenge to the "good moral character" provision of New York's gun licensing scheme is "unreviewable on direct appeal, as it involves matters not reflected in the record, and must be raised in a CPL 440.10 motion" (People v Gray, 230 AD3d 1039, 1039 [1st Dept 2024], lv denied 42 NY3d 1035 [2024]; see also Jacobs, 2026 NY Slip Op 00591). As an alternative holding, to the extent that the record allows review, we find that counsel did not render ineffective assistance (see People v Caban, 5 NY3d 143, 152 [2005]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 7, 2026